UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
CIVIL DIVISION

RANDAL WORCESTER II,

      Plaintiff,

v.                      Case No.: _____

THELL RIDDLE, In His Individual and Official Capacities
As Police Officer with Mulberry Police Department;
SHANNON GREGORY, In His Individual and Official Capacities
As Chief of Police for the City of Mulberry, Arkansas;
CITY OF MULBERRY, ARKANSAS;
MULBERRY POLICE DEPARTMENT;

ZACHARY KING, In His Individual and Official Capacities
As a Deputy Officer with the Crawford County Sherriff's Office;
LEVI WHITE, In His Individual and Official Capacities
As a Deputy Officer with the Crawford County Sherriff's Office;
JIMMY DAMANTE, In His Individual and Official Capacities
As Sheriff of the Crawford County Sherriff's Office;
CRAWFORD COUNTY, ARKANSAS;
CRAWFORD COUNY SHERIFF'S DEPARTMENT

      Defendants.

---

## CIVIL RIGHTS COMPLAINT AND REQUEST FOR JURY TRIAL

      COMES NOW, the Plaintiff, Randal Worcester, by and through his attorneys,

Adam H. Rose, and David L. Powell, of The Law Offices of David L. Powell, PLLC, and

for his Complaint against the Defendants, states:

## I.

## <u>JURISDICTION AND VENUE</u>

1.  This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and § 1343 to secure protection and redress deprivation of rights secured by 42 U.S.C. § 1983 and § 1988, the Fourth and Fourteenth Amendments of the United States Constitution.

2.  Plaintiff further invokes the pendent jurisdiction of this court to hear and decide claims arising under State law. Those claims and causes include action for damages and relief as set out below for negligence, assault, excessive force, and battery.

3.  Venue is proper pursuant to 28 U.S.C. § 1391. The Defendants are residents of Mulberry, Arkansas, and Crawford County, Arkansas and the events giving rise to the causes of action contained in this Complaint occurred in Mulberry, Arkansas.

## II.

## <u>PARTIES</u>

4.  The Plaintiff, Randal Worcester, at all times relevant hereto, was a resident of the State of Oklahoma and a citizen of the United States of America.

5.  At all times relevant hereto, Defendant Thell Riddle (hereinafter "Defendant Riddle") was a citizen of the United States and a resident of the State of Arkansas and was acting under color of state law in his capacity as a law enforcement officer employed by the Defendant City of Mulberry and/or Mulberry Police Department. Defendant Riddle is sued individually and in his official capacity.

6.  At all times relevant hereto, Defendant Shannon Gregory (hereinafter "Defendant Gregory") was a citizen of the United States and a resident of the State of Arkansas. Defendant Gregory is sued in his official capacity as the Chief of the Mulberry Police Department, employed by the Defendant City of Mulberry and/or the Mulberry Police Department, and was acting under color of state law when the events giving rise to this Complaint occurred. As Chief of Police for the City of Mulberry, Arkansas, Defendant Gregory was a final authority for making decisions with respect to the Mulberry Police Department in Mulberry, Arkansas.

7.  The Defendant City of Mulberry (hereinafter "Defendant City") is a political subdivision of the State of Arkansas, for which Defendant Riddle serves as a police officer, and Defendant Gregory currently serves as Chief of Police.

8.  The Defendant Mulberry Police Department is a municipal department of the City of Mulberry, Arkansas, for which Defendant Riddle serves as a police officer, and Defendant Gregory currently serves as Chief of Police.

9.  At all times relevant hereto, Defendant Zachary King (hereinafter "Defendant King") was a citizen of the United States and a resident of the State of Arkansas and was acting under color of state law in his capacity as a law enforcement officer employed by the Defendant County and/or the Crawford County Sheriff's Department. Defendant King is sued individually and in his official capacity.

10. At all times relevant hereto, Defendant Levi White (hereinafter "Defendant White") was a citizen of the United States and a resident of the State of Arkansas and was acting under color of state law in his capacity as a law enforcement

officer employed by the Defendant County of Crawford and/or the Crawford County Sheriff's Department. Defendant White is sued individually and in his official capacity.

11. At all times relevant hereto, Defendant Jimmy Damante (hereinafter "Defendant Damante") was a citizen of the United States and a resident of the State of Arkansas. Defendant Damante is sued in his official capacity as the Sheriff of the Crawford County Sheriff's Department, employed by the Defendant County of Crawford and/or the Crawford County Sheriff's Department, and was acting under color of state law when the events giving rise to this Complaint occurred. As the Sheriff for the Crawford County Sheriff's Department, Defendant Damante was a final authority for making decisions with respect to the Crawford County Sheriff Department's actions in Mulberry, Arkansas.

12. The Defendant County of Crawford (hereinafter "Defendant County") is a political subdivision of the State of Arkansas, for which Defendant King serves as a deputy officer, Defendant Levi White serves as a deputy officer, and Defendant Jimmy Damante currently serves as Sheriff of the Crawford County Sheriff's Department.

13. The Defendant Crawford County Sheriff's Department is a municipal department for the county of Crawford, Arkansas, for which Defendant King serves as a deputy officer, Defendant White serves as a deputy officer, and Defendant Damante currently serves as Sheriff of the Crawford County Sheriff's Department.

## III.

## FACTUAL ALLEGATIONS

14. Plaintiff fully incorporates all of the preceding paragraphs as if they were fully set forth again at this point.

15. On Sunday, August 21, 2022, Mr. Worcester, was traveling home to South Caroline on his bicycle.

16. Near the early morning hours of Sunday, August 21, 2022, Defendant Riddle was dispatched to the Kounty Xpress gas station located at 1107 Georgia Ridge Drive, Mulberry, Arkansas in response to a call alleging that Mr. Worcester had threatened a gas station attendant. Defendant Riddle called for back up from the Crawford County Sheriff's Department and Defendants King and White responded to the scene.

17. As Mr. Worcester was riding his bike down the road, Defendant Officers turned in after Mr. Worcester, followed him for a short distance, and then proceeded to initiate a traffic stop.

18. Mr. Worcester got off his bike as the Defendant Officers approached. Defendants introduced themselves, asked Mr. Worcester where he was going, and inquired about the alleged threats made at the Kountry Xpress gas station.

19. Mr. Worcester was compliant as he explained to Defendant Officers that due to a lack of water, he had asked the gas station attendant for water. Plaintiff explained that the attendant became angry with him and asked him to leave the store. Plaintiff also stated he had a small pocketknife in his pocket but immediately gave

it over to the officers, and the officers knew at this time the Defendant was not armed.

20. Without provocation, Defendant White aggressively attempted to put Mr. Worcester's arms behind his back in an effort to handcuff him, without stating any reason for doing so. At no time did the Defendant Officers inform Mr. Worcester of his Miranda rights when being handcuffed.

21. A physical altercation ensued, resulting in the Defendant Officers tackling Mr. Worcester to the ground, wherein the Defendant Officers used violent, excessive force against Mr. Worcester. Once on the ground, the Defendant Officers restrained Mr. Worcester by pinning his hands and arms behind his back.

22. Despite Mr. Worcester being detained, the Defendant Officers continued to repeatedly punch, kick, and knee Mr. Worcester in the face, head, back, stomach and legs. At one point, Defendant White picked up Mr. Worcester by the head and slammed his face and head into the concrete pavement. Mr. Worcester attempted to protect himself during the Defendant officers' physical assault, but to no avail as the Defendant officers had him pinned to the ground.

23. An onlooker expressed concern for Mr. Worcester, shouting at the officers to stop beating on him; in response, Defendants responded to her to "back the [fuck] up."

24. At no point during the incident did any of the Defendant Officers attempt to use de-escalation tactics or subdue Mr. Worcester with a taser and/or pepper spray.

25. Such force used by the Defendant Officers, individually and in their official capacity, was in excess of any force required to take Mr. Worcester in custody

and maintain him in custody, was grossly out of proportion to any need for the use of force by Defendant Officers, was not employed in good faith, and caused severe injuries to Mr. Worcester.

26. That Defendant White, Defendant King, and Defendant Riddle acted with malice and/or reckless disregard for whether Mr. Worcester's rights would be violated by their actions.

27. Mr. Worcester was treated at the hospital on or about August 21, 2022, after the incident, but refused any attention due to his terror of the officers.

28. As a result of the Defendants reckless disregard, deliberate indifferences and intentional acts, Mr. Worcester has sustained serious bodily harm due to the excessive force used by the Defendant Officers.

29. That as a proximal cause of the excessive force used by the Defendant Officers in arresting Mr. Worcester, he suffered an injury to his face, body, and head for which he will need continual medical treatment.

30. That as a proximal cause of the excessive force used by the Defendant Officers in arresting Mr. Worcester, he sustained medical expenses in an amount to be determined at trial.

31. That as a proximal cause of the excessive force used by the Defendant Officers in arresting Mr. Worcester, he has sustained permanent injuries.

32. Defendant Gregory, the Mulberry Police Department and the City of Mulberry, Arkansas failed to respond to previous complaints of acts of battery, assault, and negligence committed by Defendant Riddle.

33. Defendant Gregory, the Mulberry Police Department and the City of Mulberry, Arkansas failed to respond to previous complaints of violations of individuals' rights protected under the Fourth and Fourteenth Amendments to the United States Constitution committed by Defendant Riddle.

34. Defendant Gregory, the Mulberry Police Department and the City of Mulberry, Arkansas failed to respond to previous complaints of violations of 42 U.S.C. § 1983 committed by Defendant Riddle.

35. Defendant Gregory, the Mulberry Police Department and the City of Mulberry, Arkansas were aware, or should have been aware, of the propensity of Defendant Riddle to commit acts of battery, assault, and negligence against individuals.

36. Defendant Gregory, the Mulberry Police Department and the City of Mulberry, Arkansas were aware, or should have been aware, of the propensity of Defendant Riddle to violate individuals' rights protected under the Fourth and Fourteenth Amendments to the United States Constitution.

37. Defendant Gregory, the Mulberry Police Department and the City of Mulberry, Arkansas were aware, or should have been aware, of the propensity of Defendant Riddle to violate 42 U.S.C. § 1983.

38. Defendant Gregory, the Mulberry Police Department and the City of Mulberry, Arkansas are responsible for the training and supervision of Defendant Riddle.

39. Even with knowledge of the facts contained in the preceding paragraphs, Defendant Gregory, the Mulberry Police Department and the City of Mulberry,

Arkansas inadequately trained Defendant Riddle and were deliberately indifferent to the inadequate training.

40. Even with knowledge of the facts contained in the preceding paragraphs, Defendants Gregory, the Mulberry Police Department and the City of Mulberry, Arkansas inadequately supervised Defendant Riddle and were deliberately indifferent to the inadequate supervision.

41. The use of excessive force is so well settled and widespread in the Mulberry Police Department, that Defendant Gregory, the Mulberry Police Department and the City of Mulberry, Arkansas had either actual or constructive knowledge of its use yet did nothing to end the use.

42. Defendant Damante, the Crawford County Sherriff's Office and the County of Crawford, Arkansas failed to respond to previous complaints of acts of battery, assault, and negligence committed by Defendants White and King.

43. Defendant Damante, the Crawford County Sherriff's Office and the County of Crawford, Arkansas failed to respond to previous complaints of violations of individuals' rights protected under the Fourth and Fourteenth Amendments to the United States Constitution committed by Defendants White and King.

44. Defendant Damante, the Crawford County Sherriff's Office and the County of Crawford, Arkansas failed to respond to previous complaints of violations of 42 U.S.C. § 1983 committed by Defendants White and King.

45. Defendant Damante, the Crawford County Sherriff's Office and the County of Crawford, Arkansas were aware, or should have been aware, of the propensity of

both the Defendants White and King to commit acts of battery, assault, and negligence against individuals.

46. Defendant Damante, the Crawford County Sherriff's Office and the County of Crawford, Arkansas were aware, or should have been aware, of the propensity of Defendants White and King to violate individuals' rights protected under the Fourth and Fourteenth Amendments to the United States Constitution.

47. Defendant Damante, the Crawford County Sherriff's Office and the County of Crawford, Arkansas were aware, or should have been aware, of the propensity of Defendants White and King to violate 42 U.S.C. § 1983.

48. Defendant Damante, the Crawford County Sherriff's Office and the County of Crawford, Arkansas are responsible for the training and supervision of the Defendants White and King.

49. Even with knowledge of the facts contained in the preceding paragraphs, Defendant Damante, the Crawford County Sherriff's Office and the County of Crawford, Arkansas inadequately trained Defendants White and King and were deliberately indifferent to the inadequate training.

50. Even with knowledge of the facts contained in the preceding paragraphs, Defendant Damante, the Crawford County Sherriff's Office and the County of Crawford, Arkansas inadequately supervised Defendants White and King and were deliberately indifferent to the inadequate supervision.

51. The use of excessive force is so well settled and widespread in the Crawford County Sherriff's Department, and that Defendant Damante, the Crawford County

Sheriff's Office and the County of Crawford, Arkansas had either actual or constructive knowledge of its use yet did nothing to end the use.

**IV.**

**CAUSES OF ACTION**

**COUNT I**
**Violation of Plaintiff's Rights Under the**
**Fourth Amendment of the United States Constitution**

52. Plaintiff repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint, as if set forth fully herein.

53. Plaintiff's rights protected under the Fourth Amendment of the United States Constitution were violated when Defendants, Officer Riddle, Deputy White, and Deputy King used objectively unreasonable force, excessive force, against him on the night of August 21, 2022.

54. Any reasonable law enforcement officer should have known that his conduct violated clearly established federal law and was a direct violation of the Fourth Amendment to the United States Constitution.

55. All injuries to Randal Worcester were done under color of law as defined by 42 U.S.C. § 1983. The Defendants acted under color of state laws, statutes, ordinances, regulations, policies, customs, and usage of the State of Arkansas, the City of Mulberry, Arkansas, and the County of Crawford, Arkansas to intentionally, deliberately, and with deliberate indifference violate Randal Worcester's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

56. As a direct and proximate result of the aforementioned acts of Defendants, Officer Riddle, Deputy White, and Deputy King, Randal Worcester sustained serious bodily harm, permanent injuries, medical expenses, and pain and suffering.

57. The policies, practices, procedures, and customs established by Defendant Gregory, the Mulberry Police Department and the City of Mulberry, Arkansas led to the violation of Plaintiff Randal Worcester's rights protected under the Fourth Amendment of the United States Constitution. Therefore, Defendant Riddle, the Mulberry Police Department and the City of Mulberry, Arkansas are liable to Plaintiff Randal Worcester for the Fourth Amendment violations committed by Defendant Riddle.

58. The policies, practices, procedures, and customs established by Defendant Damante, the Crawford County Sheriff's Office and the County of Crawford, Arkansas led to the violation of Plaintiff Randal Worcester's rights protected under the Fourth Amendment of the United States Constitution. Therefore, Defendants White and King, the Crawford County Sheriff's Office and the County of Crawford, Arkansas are liable to Plaintiff Randal Worcester for the Fourth Amendment violations committed by Defendant White and Defendant King.

**COUNT II**
**Violation of Plaintiff's Rights Under the**
**Fourteenth Amendment of the United States Constitution**

59. Plaintiff repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint, as if set forth fully herein.

60. Plaintiff's rights protected under the Fourteenth Amendment of the United States Constitution were violated when Defendants, Officer Riddle, Deputy White, and Deputy King used objectively unreasonable force, excessive force, against him on the night of August 21, 2022.

61. On or about August 21, 2022, Defendant Thell Riddle acting within the course and scope of his duties as police officer of the Mulberry Police Department of the City of Mulberry, Arkansas, deprived Randal Worcester of said rights to be free from unreasonable seizures and excessive force when Defendant Riddle unlawfully, unreasonably and without justification harmed the Plaintiff when he used excessive force.

62. The policies, practices, procedures, and customs established by Defendant Gregory, the Mulberry Police Department and the City of Mulberry, Arkansas led to the violation of Plaintiff Randal Worcester's rights protected under the Fourteenth Amendment of the United States Constitution. Therefore, Defendant Gregory, the Mulberry Police Department and the City of Mulberry, Arkansas are liable to Plaintiff Randal Worcester for the Fourteenth Amendment violations committed by Defendant Riddle.

63. On or about August 21, 2022, Defendants Zachary King and Defendant Levi White acting within the course and scope of their duty as deputies of the Crawford County Sheriff's Office and the County of Crawford, Arkansas, deprived Randal Worcester of said rights to be free from unreasonable seizures and excessive force

when Defendants White and King unlawfully, unreasonably and without justification harmed the Plaintiff when they used excessive force.

64. The policies, practices, procedures, and customs established by Defendant Damante, the Crawford County Sherriff's Office and the County of Crawford, Arkansas, led to the violation of Plaintiff Randal Worcester's rights protected under the Fourteenth Amendment of the United States Constitution. Therefore, Defendant Damante, the Crawford County Sherriff's Office and the County of Crawford, Arkansas, are liable to Plaintiff Randal Worcester for the Fourteenth Amendment violations committed by Defendant King and Defendant White.

## COUNT III
### Violation of 42 U.S.C. § 1983

65. Plaintiff repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint, as if set forth fully herein.

66. Through his violation, under color of state law, of Plaintiff Worcester's Fourth and Fourteenth Amendment rights protected under the Constitution of the United States, Defendants, Officer Riddle, Deputy White, and Deputy King violated 42 U.S.C. § 1983.

67. The policies, practices, procedures, and customs established by Defendant Gregory, the Mulberry Police Department and the City of Mulberry, Arkansas led to the violation of 42 U.S.C. § 1983. Therefore, Defendant Gregory, the Mulberry Police Department and the City of Mulberry, Arkansas are liable to Plaintiff Randal Worcester for the violations of 42 U.S.C. § 1983 committed by Defendant Riddle.

68. The policies, practices, procedures, and customs established by Defendant
    Damante, the Crawford County Sheriff's Office and the County of Crawford,
    Arkansas led to the violation of 42 U.S.C. § 1983. Therefore, Defendant Damante,
    the Crawford County Sheriff's Office and the County of Crawford, Arkansas are
    liable to Plaintiff Randal Worcester for the violations of 42 U.S.C. § 1983
    committed by Defendant White and Defendant King.

**COUNT IV**
**Tort of Negligence**

69. Plaintiff repeats and incorporates herein by reference the allegations in the
    preceding paragraphs of this Complaint, as if set forth fully herein.

70. Defendant Riddle was negligent in his excessive use of force against Plaintiff
    Randal Worcester.

71. Defendant Riddle, as a police officer with the Mulberry Police Department, owed
    Plaintiff Randal Worcester a duty of care.

72. Defendant Riddle breached his duty of care to Plaintiff Randal Worcester.

73. Through the breach of his duty of care, Defendant Riddle directly caused injury to
    Plaintiff Randal Worcester.

74. Plaintiff Randal Worcester suffered damages as a result of the negligence of
    Defendant Riddle.

75. The policies, practices, procedures, and customs established by Defendant
    Gregory, the Mulberry Police Department and the City of Mulberry, Arkansas led
    to the negligent acts committed by Defendant Riddle. Therefore, Defendant
    Gregory, the Mulberry Police Department and the City of Mulberry, Arkansas are

liable to Plaintiff Randal Worcester for the tort of negligence committed by Defendant Riddle.

76. Defendant White was negligent in his excessive use of force against Plaintiff Randal Worcester.

77. Defendant White as a deputy with the Crawford County Sherriff's Office, owed Plaintiff Randal Worcester a duty of care.

78. Defendant White breached his duty of care to Plaintiff Randal Worcester.

79. Through the breach of his duty of care, Defendant White directly caused injury to Plaintiff Randal Worcester.

80. Plaintiff Randal Worcester suffered damages as a result of the negligence of Defendant White.

81. The policies, practices, procedures, and customs established by Defendant Damante, the Crawford County Sherriff's Office and the County of Crawford, Arkansas led to the negligent acts committed by Defendant White. Therefore, Defendant Damante, the Crawford County Sherriff's Office and the County of Crawford, Arkansas are liable to Plaintiff Randal Worcester for the tort of negligence committed by Defendant White.

82. Defendant King was negligent in his excessive use of force against Plaintiff Randal Worcester.

83. Defendant King as a deputy with the Crawford County Sherriff's Office, owed Plaintiff Randal Worcester a duty of care.

84. Defendant King breached his duty of care to Plaintiff Randal Worcester.

85. Through the breach of his duty of care, Defendant King directly caused injury to Plaintiff Randal Worcester.

86. Plaintiff Randal Worcester suffered damages as a result of the negligence of Defendant King.

87. The policies, practices, procedures, and customs established by Defendant Damante, the Crawford County Sherriff's Office and the County of Crawford, Arkansas led to the negligent acts committed by Defendant King. Therefore, Defendant Damante, the Crawford County Sherriff's Office and the County of Crawford, Arkansas are liable to Plaintiff Randal Worcester for the tort of negligence committed by Defendant King.

## COUNT V
### Torts of Battery and Assault

88. Plaintiff repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint, as if set forth fully herein.

89. Plaintiff invokes the supplemental jurisdiction of this Court to hear and determine this claim.

90. Through his intentional and harmful use of excessive force, Defendants Officer Riddle, Deputy King, and Deputy White committed battery and assault upon Plaintiff Randal Worcester.

91. Plaintiff Randal Worcester sustained serious bodily harm, permanent injuries, medical expenses, and pain and suffering as a result of the battery and assault committed upon him by the Defendants Officer Riddle, Deputy King, and Deputy White.

92. Said assault and battery was not consented to by Plaintiff Randal Worcester. Said assault, battery, and excessive use of force injured and damaged the Plaintiff. Said harmful and offensive contact, i.e., the assault, battery, excessive use of force, was intentionally committed by the Defendants Officer Riddle, Deputy King, and Deputy White, and was willful, wanton, malicious and oppressive, thereby justifying the awarding of exemplary and punitive damages as to the Defendants Officer Riddle, Deputy King, and Deputy White.

93. The policies, practices, procedures, and customs established by Defendant Gregory, the Mulberry Police Department and the City of Mulberry, Arkansas led to the tort of battery and assault committed by Defendant Riddle. Therefore, Defendant Gregory the Mulberry Police Department and the City of Mulberry, Arkansas are liable to Plaintiff Randal Worcester for the tort of battery committed by Defendant Riddle.

94. The policies, practices, procedures, and customs established by Defendant Damante, the Crawford County Sherriff's Office and the County of Crawford Arkansas led to the tort of battery and assault committed by Defendant White and Defendant King. Therefore, Defendant Damante, the Crawford County Sherriff's Office and the County of Crawford Arkansas are liable to Plaintiff Randal Worcester for the tort of battery committed by Defendant White and Defendant King.

**V.**

**CONCLUSION**

95. Defendants Riddle and Gregory, the Mulberry Police Department and the City of Mulberry, Arkansas violated Plaintiff Randal Worcester's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

96. Defendants White, King, Damante, and the Crawford County Sherriff's Office and the County of Crawford, Arkansas violated Plaintiff Randal Worcester's rights under the Fourth and Fourteenth Amendments of the United States Constitution

97. Through their violation, under color of state law, of Plaintiff Randal Worcester's rights under the Fourth and Fourteenths Amendments of the United States Constitution, Defendants Riddle, Rhodes, Watts, the Mulberry Police Department and the City of Mulberry, Arkansas violated 42 U.S.C. § 1983.

98. Through their violation, under color of state law, of Plaintiff Randal Worcester's rights under the Fourth and Fourteenths Amendments of the United States Constitution, Defendants White, King, Damante, and the Crawford County Sherriff's Office and the County of Crawford, Arkansas violated 42 U.S.C. § 1983.

99. Defendants Riddle, Gregory, and the Mulberry Police Department and the City of Mulberry, Arkansas committed the torts of negligence, battery, and assault against Plaintiff Randal Worcester.

100.     Defendants White, King, Damante, and the Crawford County Sherriff's Office and the County of Crawford, Arkansas committed the torts of negligence, battery, and assault against Plaintiff Randal Worcester.

101.     The policies, practices, procedures, and customs established by Defendant, Gregory the Mulberry Police Department and the City of Mulberry, Arkansas led to the violations of Plaintiff Randal Worcester's rights protected under the Fourth and Fourteenth Amendments of the United States Constitution.

102.     The policies, practices, procedures and customs established by Defendant Gregory the Mulberry Police Department and the City of Mulberry, Arkansas led to the violation of 42 U.S.C. § 1983.

103.     The policies, practices, procedures, and customs established by Defendant Gregory, the Mulberry Police Department and the City of Mulberry, Arkansas led to the torts of negligence, battery, and assault committed against Plaintiff Randal Worcester.

104.     The policies, practices, procedures, and customs established by Defendant, Damante, the Crawford County Sherriff's Office and the County of Crawford, Arkansas led to the violations of Plaintiff Randal Worcester's rights protected under the Fourth and Fourteenth Amendments of the United States Constitution.

105.     The policies, practices, procedures, and customs established by Defendant, Damante, the Crawford County Sherriff's Office and the County of Crawford, Arkansas led to the violation of 42 U.S.C. § 1983.

106.     The policies, practices, procedures, and customs established by Defendant, Damante, the Crawford County Sheriff's Office and the County of Crawford, Arkansas led to the torts of negligence, battery, and assault committed against Plaintiff Randal Worcester.

## VI.

## PRAYER FOR RELIEF

107.     Plaintiff Randal Worcester hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

108.     Plaintiff Randal Worcester hereby requests judgement against Defendant Riddle in his individual capacity.

109.     Plaintiff Randal Worcester hereby requests judgement against Defendant Riddle in his official capacity as an employee of the City of Mulberry, Arkansas.

110.     Plaintiff Randal Worcester hereby requests judgement against the Mulberry Police Department and the City of Mulberry, Arkansas.

111.     The policies, practices, procedures, and customs established by Defendant Gregory, the Mulberry Police Department and the City of Mulberry, Arkansas led to the violations of Plaintiff Randal Worcester's rights protected under the Constitution of the United States, 42 U.S.C. § 1983, as well as to the torts of negligence, battery, and assault committed upon Plaintiff Randal Worcester.

112.     Plaintiff Randal Worcester hereby requests compensatory and punitive damages against Defendants Riddle, Gregory, the Mulberry Police Department

and the City of Mulberry, Arkansas. The amount of said judgment shall exceed

that required for federal jurisdiction, the specific amount of which will be more

particularly proved at trial.

113.     Plaintiff Randal Worcester hereby requests judgement against Defendant

White in his individual capacity.

114.     Plaintiff Randal Worcester hereby requests judgement against Defendant

King in his individual capacity.

115.     Plaintiff Randal Worcester hereby requests judgement against Defendant

White in his official capacity as an employee of Crawford County, Arkansas.

116.     Plaintiff Randal Worcester hereby requests judgement against Defendant

King in his official capacity as an employee of Crawford County, Arkansas.

117.     Plaintiff Randal Worcester hereby requests judgement against the

Crawford County Sherriff's Office and the County of Crawford, Arkansas.

118.     The policies, practices, procedures, and customs established by Defendant

Damante, the Crawford County Sherriff's Office and the County of Crawford,

Arkansas that led to the violations of Plaintiff Randal Worcester's rights protected

under the Constitution of the United States, 42 U.S.C. § 1983, as well as to the

torts of negligence, battery, and assault committed upon Plaintiff Randal

Worcester.

119.     Plaintiff Randal Worcester hereby requests compensatory and punitive

damages against Defendants White, King, Damante, the Crawford County

Sherriff's Office and the County of Crawford, Arkansas. The amount of said

judgment shall exceed that required for federal jurisdiction, the specific amount of

which will be more particularly proved at trial.

120.        Plaintiff Randal Worcester hereby requests attorney's fees and costs.

121.        Plaintiff Randal Worcester hereby requests he be awarded his medical

bills and lost wages.

122.        Plaintiff Randal Worcester hereby requests that he be awarded pre-

judgment interest on its judgment.

123.        Plaintiff Randal Worcester hereby requests that such other and further

relief as the Court may deem equitable, proper, and just, be granted.


                                    Respectfully Submitted,

                              By**:   /s/ Adam H. Rose**
                              Adam H. Rose, ABA#2020194
                              Law Offices of David L. Powell, PLLC.
                              541 N Greenwood Ave,
                              Fort Smith, AR 72901
                              (479) 222-6773 Telephone
                              (469) 769-2273 Facsimile
                              adam.dpowellfirm@gmail.com
                              *Attorney for Plaintiff*



                              By**:   /s/ David L. Powell**
                              David L. Powell, ABA#2011256
                              Law Offices of David L. Powell, PLLC
                              541 N Greenwood Ave,
                              Fort Smith, AR 72901
                              (479) 222-6773 Telephone
                              (469) 769-2273 Facsimile
                              dpowellfirm@gmail.com
                              *Attorney for Plaintiff*